Audra M. Mori, Bar No. 162850
Katherine M. Dugdale, Bar No. 168014
Jennifer N. Chiarelli, Bar No. 212253
PERKINS COIE LLP
1620 26th Street
Sixth Floor, South Tower
Santa Monica, CA  90404-4013
Telephone:  310.788.9900
Facsimile:  310.788.3399
AMori@perkinscoie.com
KDugdale@perkinscoie.com
JChiarelli@perkinscoie.com

Attorneys for Plaintiff
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>BOB TAJALI, an individual d/b/a COMPUTER CENTER; and BOB TAJALI, an individual,<br><br>Defendants. | Case No. CV 08-3757-ABC (RCx)<br><br>**[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER**<br><br>*Stipulated Protective Order filed concurrently herewith*<br><br>NOTE: CHANGES MADE BY THE COURT |

Pursuant to the Stipulated Protective Order of plaintiff Microsoft Corporation and defendant Bob Tajali, an individual and doing business as Computer Center, and good cause appearing therefore, the following Stipulated Protective Order is hereby entered:

1.      This Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests, and testimony

1    adduced at trial, matters in evidence and computerized records (collectively,

2    "RECORDS") which the disclosing party designates as "CONFIDENTIAL

3    MATERIAL" or "RESTRICTED MATERIAL" hereafter furnished, directly or

4    indirectly, by or on behalf of any party in connection with this action.

5         2.     In designating RECORDS as "CONFIDENTIAL MATERIAL" or

6    "RESTRICTED MATERIAL," a party shall make such a designation of

7    CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL only for RECORDS

8    which that party in good faith believes contain trade secret or other confidential,

9    competitive or proprietary business information used by it in, or pertaining to, its

10   business which the party takes appropriate efforts to keep confidential or which the

11   party is otherwise required to keep confidential by agreement or law.  For a

12   designation of RECORDS as "RESTRICTED MATERIAL," the party must

13   additionally believe in good faith that the RECORDS must be protected from

14   disclosure to the parties themselves in this litigation and must be subject to the

15   restricted disclosure provided for below.  CONFIDENTIAL MATERIAL and

16   RESTRICTED MATERIAL shall be used solely for the purpose of conducting this

17   litigation and not for any other purpose.  No RECORDS which evidence the

18   acquisition or distribution of Microsoft software and/or components thereof by the

19   Defendant, including but not limited to invoices and purchase orders, shall be

20   designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL;

21   provided, however, that Defendant may designate as RESTRICTED MATERIAL its

22   invoices to customers and its customer lists.

23        3.     RECORDS designated as CONFIDENTIAL MATERIAL may be

24   disclosed only to the following persons:

25             a.     the attorneys working on this action on behalf of any party,

26   including in-house attorneys;

27             b.     any paralegal assistants, stenographic and clerical employees

28   working under the direct supervision of such counsel;

1    c.    any parties to this action who are individuals, and the employees,

2    directors or officers of parties to this action who are corporations or partnerships, to

3    the extent necessary to further the interest of the parties in this litigation;

4    d.    any person not employed by a party who is expressly retained or

5    sought to be retained by any attorney described in paragraph 3(a) to assist in

6    preparation of this action for trial, with disclosure only to the extent necessary to

7    perform such work;

8    e.    any witnesses who appear for deposition or trial in this matter,

9    during the course of their testimony, upon the witness being advised of the need

10   and agreeing to keep the RECORDS confidential; and

11   f.    the Court.

12   4.    RECORDS designated as "RESTRICTED MATERIAL" may be

13   disclosed only to the following persons:

14   a.    the attorneys working on this action on behalf of any party,

15   including in-house attorneys;

16   b.    any paralegal assistants, stenographic and clerical employees

17   working under the direct supervision of such counsel, with disclosure only to the

18   extent necessary to perform their work in connection with this matter;

19   c.    any person not employed by a party who is expressly retained or

20   sought to be retained by any attorney described in paragraph 4(a) to assist in

21   preparation of this action for trial, with disclosure only to the extent necessary to

22   perform such work;

23   d.    any witnesses who appear for deposition or trial in this matter,

24   during the course of their testimony, upon the witness being advised of the need

25   and agreeing to keep the RECORDS confidential; and

26   e.    the Court.

27   5.    Notwithstanding any other provisions of this Order, Microsoft may

28   (a) use and disclose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL

-3-

1   in order to investigate and/or prosecute criminal or civil actions involving copyright

2   or trademark infringement against parties or entities other than the Defendant in this

3   matter and may provide CONFIDENTIAL MATERIAL or RESTRICTED

4   MATERIAL to law enforcement officials upon such officials' request; and (b) use

5   and disclose RECORDS which indicate or refer to suppliers or purchasers of

6   genuine or purported Microsoft software or any other items or components which

7   bear any of the Microsoft trademarks at issue in this matter for purposes of

8   investigation and institution of civil or criminal proceedings against any party,

9   including parties other than the Defendant in this action. This Section 5 shall not

10   apply, however, to Defendant's invoices to customers and its customer lists

11   designated as RESTRICTED MATERIAL under Section 2.

12         6.     The persons described in paragraphs 3(d) and 4(c) shall have access to

13   the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have

14   been made aware of the provisions of this Order and have manifested their assent to

15   be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT."  A

16   list shall be prepared by counsel for the parties hereto of the names of all such

17   persons to whom CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is

18   disclosed, or to whom the information contained therein is disclosed, and such list

19   shall be available for inspection by the Court and opposing counsel upon request.

20   The other persons described in paragraphs 3 and 4 shall have access to the

21   CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL pursuant to the

22   terms of this Order without signing a copy of the annexed

23   "ACKNOWLEDGEMENT."  Similar but separate lists shall also be prepared with

24   respect to CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL provided

25   by third parties.  At the time of the termination of this lawsuit by settlement,

26   judgment or otherwise, the parties hereto shall provide other counsel with a copy of

27   the pertinent aforementioned lists upon request.  The persons receiving

28   CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall not disclose it

1   to any other person, except in conformance with this Order.  This Stipulation will
2   not require the disclosure of experts other than by Local Rule, Federal Rule of Civil
3   Procedure, and/or Court Order.

4       7.      Each individual who receives any CONFIDENTIAL MATERIAL or
5   RESTRICTED MATERIAL hereby agrees to subject himself/herself to the
6   jurisdiction of this Court for the purpose of any proceedings relating to the
7   performance under, compliance with or violation of this Order.

8       8.      The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED
9   MATERIAL provided under this Order shall maintain such RECORDS in a secure
10  and safe area and shall exercise the same standard of due and proper care with
11  respect to the storage, custody, use and/or dissemination of such RECORDS as is
12  exercised by the recipient with respect to its own proprietary information.

13      9.      Parties shall designate CONFIDENTIAL MATERIAL or
14  RESTRICTED MATERIAL as follows:

15          a.      In the case of RECORDS produced pursuant to Rules 26 and 34
16  of the Federal Rules of Civil Procedure, interrogatory answers, responses to
17  requests for admissions, and the information contained therein, designation shall be
18  made by placing the following legend on any such RECORD prior to production:
19  "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL."  In the event
20  that a party inadvertently fails to stamp or otherwise designate a RECORD as
21  CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its
22  production, that party shall have five (5) business days after discovery of such error
23  to so stamp or otherwise designate the RECORD.

24          b.      In the case of depositions, designation of the portion of the
25  transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or
26  RESTRICTED MATERIAL shall be made by a statement to such effect on the
27  record in the course of the deposition or, upon review of such transcript by counsel
28  for the party to whose CONFIDENTIAL MATERIAL or RESTRICTED

-5-

1    MATERIAL the deponent has had access, said counsel shall designate within

2    fourteen (14) days after counsel's receipt of the transcript.

3              c.    Transcripts of depositions will not be filed with the Court unless

4    it is necessary to do so for purposes of trial, motions for summary judgment, or

5    other matters.  If a deposition transcript is filed and if it contains CONFIDENTIAL

6    MATERIAL or RESTRICTED MATERIAL the transcript shall bear the

7    appropriate legend on the caption page and shall be filed under seal.

8         10.    A party shall not be obligated to challenge the propriety of a

9    CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the

10   time made, and failure to do so shall not preclude a subsequent challenge thereto.

11   In the event that any party to this litigation disagrees at any stage of these

12   proceedings with such designation, such party shall provide to the producing party

13   written notice of its disagreement with the designation.  The parties shall first try to

14   dispose of such dispute in good faith on an informal basis.  If the dispute cannot be

15   resolved, the party challenging the designation may request appropriate relief from

16   the Court, pursuant to Local Rule 37, but in any event, such relief from the Court

17   shall not be requested before ten (10) days after the producing party is served with

18   the above referenced required written notice.  The burden of proving that

19   RECORDS have been properly designated as CONFIDENTIAL MATERIAL or

20   RESTRICTED MATERIAL shall be on the party making such designation.

21        11.    The Clerk of the Court is directed to maintain under seal all

22   RECORDS and all transcripts of deposition testimony filed with this Court in this

23   litigation by any party which are, in whole or in part, designated as

24   CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, including all

25   pleadings, deposition transcripts, exhibits, discovery responses or memoranda

26   purporting to reproduce or paraphrase such RECORDS as set forth in Local Rule

27   79-5.  The person filing such RECORDS shall comply with Local Rule 79-5, and

28   designate all or a portion thereof that is subject to this Order and is to be kept under

1  seal, except that upon the default of the filing party to so designate, any party may

2  do so.

3          12.     In the event that any CONFIDENTIAL MATERIAL or

4  RESTRICTED MATERIAL is used in any court proceedings in connection with

5  this litigation, the parties shall take all steps reasonably required to protect its

6  confidentiality during such use.

7          13.     Nothing in this order shall preclude any party to the lawsuit, their

8  attorneys or any other person from disclosing or using, in any manner or for any

9  purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are

10  lawfully obtained from a third party, even though the same RECORDS may have

11  been produced in discovery in this lawsuit and designated as CONFIDENTIAL

12  MATERIAL or RESTRICTED MATERIAL.

13          14.     Nothing in this order shall preclude any party to the lawsuit or their

14  attorneys (a) from showing RECORDS designated as CONFIDENTIAL

15  MATERIAL or RESTRICTED MATERIAL to an individual who either prepared

16  or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing

17  or using, in any manner or for any purpose, RECORDS from the party's own files

18  which the party itself has designated as CONFIDENTIAL MATERIAL or

19  RESTRICTED MATERIAL.

20          15.     Within sixty (60) days of the termination of litigation between the

21  parties, all documents designated as CONFIDENTIAL MATERIAL and

22  RESTRICTED MATERIAL, and all copies thereof, except such copies which have

23  been filed with the Court, utilized in accordance with this Order, or which are and

24  will continue to be maintained in a secure place pursuant to the continuing

25  obligations of this Order, shall be returned to the party which produced it or shall be

26  destroyed.

27

28

16.     Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the designating party; however, this provision does not bind the Court.

17.     This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 14, inclusive hereof, provided Local Rule 37 is met.

IT IS SO ORDERED, as amended at paras. 6, 10-12 and 16-17.

Dated:  December 10, 2008           _/S/ Rosalyn M. Chapman_____
                                    Honorable Rosalyn M. Chapman
                                    UNITED STATES MAGISTRATE JUDGE

# A C K N O W L E D G E M E N T

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Court on _____, 2008, <u>Microsoft Corporation v. Bob Tajali,, an individual, and Bob Tajali an individual d/b/a Computer Center</u>, Case No CV 08-3757-ABC (RCx), that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order.  The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____

Dated:  _____, 20__